United States District Court
Southern District of Texas
**ENTERED**
August 22, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JULIO LUIS NARANJO-IGLESIAS, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-971 |
| | § | |
| LORIE DAVIS,[1] Director, Texas Department | § | |
| of Criminal Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |
| | § | |

## REPORT AND RECOMMENDATION

Petitioner Julio Luis Naranjo-Iglesias, a state prisoner proceeding *pro se*, initiated this action in November 2014 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.)  A Texas jury convicted Petitioner for possessing marijuana in an amount greater than 2,000 pounds.  The trial judge sentenced Petitioner to fifteen years' imprisonment. After unsuccessfully availing himself of state appellate and post-conviction review, Petitioner now seeks federal habeas corpus relief.  He claims that his state court trial counsel rendered ineffective assistance in various ways.  Pending is Respondent's motion for summary judgment. (Docket Entry No. 10.)

After carefully considering the pleadings and the state court record in light of the deferential standard of review mandated by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the undersigned concludes that Petitioner has not shown a basis for federal

---

[1]     Effective May 1, 2016, Lorie Davis replaced William Stephens as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice.  Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Davis "is automatically substituted as a party." FED.R.CIV.P. 25(d).

habeas corpus relief.   Petitioner has failed to show that the state court's rejection of his ineffective assistance of counsel claims involved an unreasonable application of federal law.   For the reasons discussed further below, the undersigned recommends that the District Court grant Respondent's summary judgment motion and deny habeas relief.   It is further recommended that the District Court not issue a certificate of appealability.

## I.  BACKGROUND

### A.   State Court Proceedings

On May 4, 2010, a Hidalgo County grand jury indicted Petitioner on one count of possession of marijuana in an amount of more than 2000 pounds.[2]   On direct appeal, the intermediate state appellate court described the circumstances giving rise to the instant case:

> On August 18, 2009, troopers with the Texas Department of Public Safety ("DPS") were advised by dispatch to be on the lookout for an eighteen-wheel truck with Florida license plates, which according to an anonymous tipster, had been loaded with illegal drugs at a warehouse in Hidalgo County and was currently travelling on a northbound route.   The troopers were patrolling on U.S. Highway 281 when they encountered a tractor trailer matching the description given by the anonymous tipster.   They observed that one of the truck's mud flaps was in violation of the Texas Transportation Code and initiated a traffic stop. *See* Tex. Trans. Code Ann. § 547.606 (West Supp. 2011).   [Petitioner] was the driver of the truck, and co-defendant, Quirino Sanchez, was his passenger.
>
> The vehicle was registered to [Petitioner].   The troopers received consent from [Petitioner] to search the truck, which was hauling a refrigerated rig.   Inside the pallets in the trailer, the officers discovered 2,472 pounds of marijuana.   An employee of the company that loaded the trailer with the legitimate load of grapefruit cups, Loop Cold Storage, testified that there was no marijuana mixed with the cargo when they loaded the trailer on August 17, 2009.   There was also testimony that the Loop Cold Storage facility was not the same warehouse identified by the anonymous tipster as the location where [Petitioner's] trailer was loaded with illegal drugs.

---

[2]      The facts and procedural history are taken from the State Court Record filed in this case (Docket Nos. 11-12), the documents submitted by Petitioner and Respondent, and the Thirteenth Court of Appeals' decision addressing Petitioner's direct appeal, *Iglesias v. State*, No. 13-12-00379-CR, 2013 WL 209226 (Tex. App.- Corpus Christi–Edinburg Jan. 17, 2013).

> At the time the traffic stop was initiated, the doors to the trailer were still sealed to maintain the integrity of the load.  The words "Loop Cold Storage" and the number 7566 were stamped into the metallic seal.  This information matched the information in the bill of lading [Petitioner] provided to the DPS troopers during the traffic stop.  According to the testimony of Steven W. [Whitham], the general manager of a truck stop and freight line with 35 years of experience driving trucks, there are a number of different ways to bypass the type of seal used on the trailer [Petitioner] was hauling.  In addition, [Whitham] noted that the type of clamps found on the doors of the trailer were highly unusual and not used in the industry.  Despite this, there was no evidence of exactly how the marijuana was loaded into the trailer.

*Iglesias v. State*, No. 13-12-00379-CR, 2013 WL 209226, at *1 (Tex. App.- Corpus Christi-Edinburg Jan. 17, 2013).

Petitioner stood trial in the 430th Judicial District Court of Hidalgo County, Texas.  Brent E. Cavasos and Beth L. Bergh ("trial counsel") represented Petitioner at trial.  Trial counsel filed a pre-trial motion to suppress evidence the police seized from Petitioner's vehicle during the traffic stop.  The trial court denied the suppression motion in a lengthy order, ultimately finding that Petitioner "freely and voluntarily gave consent to search the eighteen wheeler trailer both verbally and in writing, without duress or coercion, express or implied and without undue influence."  State Habeas Record at 74.[3]

Petitioner pleaded not guilty.  After the presentation of evidence, a jury found Petitioner guilty beyond a reasonable doubt of the crime charged in the indictment.  Petitioner elected to have the trial judge assess his punishment.  The trial court sentenced Petitioner to fifteen years' imprisonment.  The trial court also imposed a $10,000 fine.

---

[3]   The "State Habeas Record" refers to the state court records filed by Respondent.  (*See* Docket Entry Nos. 11, 12.)

Petitioner appealed his conviction and sentence to the Thirteenth Court of Appeals for Texas.[4]  The intermediate appellate court affirmed.  *Iglesias v. State*, No. 13-12-00379-CR, 2013 WL 209226 (Tex. App. - Corpus Christi-Edinburg Jan. 17, 2013).  The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review.

Petitioner filed a state application for a writ of habeas corpus raising six allegations of constitutional deficiency in his trial counsel's representation.  State Habeas Record at 2-14.  The trial court entered findings of fact and conclusions of law recommending that the Texas Court of Criminal Appeals deny habeas relief.   State Habeas Record at 220-31.  On October 15, 2014. the Court of Criminal Appeals denied habeas relief without issuing a written order on the findings of the trial court.

## B.    Federal Review

Petitioner filed a timely federal petition for a writ of habeas corpus raising the same six grounds for relief that he advanced in state court.  (Docket Entry No. 1.)  Petitioner has also submitted a memorandum of law discussing each claim.  All of Petitioner's claims argue that trial counsel provided ineffective representation.  Petitioner claims that trial counsel performed deficiently by failing to:

- engage in an investigation of the facts and the law adequate to support his suppression motion (claim one);

---

[4]      Appointed appellate counsel for Petitioner did not file a timely notice of appeal.  The Court of Appeals for the Thirteenth Judicial District dismissed Petitioner's appeal for want of jurisdiction.  *Iglesias v. State*, No. 13-10-00622-CR, 2011 WL 1158568, at *1 (Tex. App. - Corpus Christi-Edinburg Feb. 10, 2011).  Petitioner filed an application for a writ of habeas corpus pursuant to TEX. CODE CRIM. PRO. art. 11.07 alleging that appointed counsel provided ineffective representation by not filing a timely notice of appeal.  The trial court agreed, State Habeas Record at 36-38, and the intermediate appellate court allowed Petitioner to file an out-of-time appeal.

- object to the pre-trial destruction of the marijuana seized by the police (claim two);

- challenge the qualifications of the State's expert witness and call a rebuttal expert for the defense (claim three);

- object to the absence of a videotaped recording of the traffic stop that led to Petitioner's arrest (claim four);

- object when the prosecution in closing arguments said that Petitioner was a member of a drug cartel and a drug trafficker (claim five); and

- request a limiting instruction relating to testimony that the seized marijuana was loaded into his trailer at an undisclosed location (claim six).

Respondent filed an answer and motion for summary judgment.  (Docket Entry No. 10.) Petitioner has not filed a reply and the time to do so has passed.  (*See* Docket Entry Nos. 13, 14.) This matter is ripe for adjudication.

## II.  LEGAL STANDARDS

The writ of habeas corpus provides an important, but narrow, examination of an inmate's conviction and sentence.  *See Harrington v. Richter*, 562 U.S. 86, 103 (2011); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).  "Society's resources have been concentrated at [a criminal trial] in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of its citizens."  *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *see also McFarland v. Scott*, 512 U.S. 849, 859 (1994) (stating that a "criminal trial is the 'main event' at which a defendant's rights are to be determined").  The States, therefore, "possess primary authority for defining and enforcing the criminal law.  In criminal trials they also hold the initial responsibility for vindicating constitutional rights."  *Engle v. Isaac*, 456 U.S. 107, 128 (1982).

If the inmate has presented his federal constitutional claims to the state courts in a procedurally proper manner, and the state courts have adjudicated their merits, AEDPA provides for a deferential federal review.  "[T]ime and again," the Supreme Court "has instructed that

AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'" *White v. Wheeler*, 136 S. Ct. 456, 460 (2015) (quoting *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013)).   Under AEDPA's rigorous showing, an inmate may only secure relief after showing that the state court's rejection of his claim was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(1),(2).[1]   A federal habeas court must also presume the underlying factual determinations of the state court to be correct, unless the inmate "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

These standards will be applied in considering Petitioner's grounds for relief.

---

[1]      Inmates arguing legal error in state court decisions must comply with § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses.   *See Bell v. Cone*, 535 U.S. 685, 694 (2002).   A petitioner does not merit relief by merely showing legal error in the state court's decision.   *See White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (stating being "merely wrong" or in "clear error" will not suffice federal relief under AEDPA).   In contrast to "ordinary error correction through appeal," AEDPA review exist only to "guard against extreme malfunctions in the state criminal justice systems . . . ."   *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quotation omitted).   "[F]ocus[ing] on what a state court knew and did," *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), AEDPA requires inmates to "'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woodall*, 134 S. Ct. at 1702 (quoting *Richter*, 562 U.S. at 103); *Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010); *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "If this standard is difficult to meet, that is because it was meant to be."   *Richter*, 562 U.S. at 102.   A petitioner challenging the factual basis for a state decision must show that it was an "unreasonable determination of the facts in light of the evidence . . . ." 28 U.S.C. § 2254(d)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).   "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."   *Wood v. Allen*, 558 U.S. 290, 301 (2010).

### III. ANALYSIS

Each of Petitioner's federal claims argues that trial counsel provided ineffective representation. Courts assess an attorney's representation under the general conceptual framework set out in *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Under *Strickland*, a criminal defendant's Sixth Amendment rights are "denied when a defense attorney's *performance* falls below an objective standard of reasonableness and thereby *prejudices* the defense." *Yarborough v. Gentry*, 540 U.S. 1, 3 (2003) (emphasis added); *see also Rompilla v. Beard*, 545 U.S. 374, 387 (2005); *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

Petitioner exhausted his *Strickland* arguments on state habeas review. While "[s]urmounting *Strickland*'s high bar is never an easy task[,]" *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), ineffective-assistance claims that the state courts have adjudicated on the merits warrant a "doubly deferential judicial review" under AEDPA. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see also Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). A state court's adjudication of *Strickland* claims "must be granted deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Richter*, 562 U.S. at 101. "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

Before turning to the individual claims, Respondent argues that Petitioner has not shown any deficiency in trial counsel's performance that actually prejudiced the defense. Respondent argues that "Iglesias' petition should be denied because he fails to demonstrate that the [Texas Court of Criminal Appeals] either unreasonably, or in a manner contrary to federal law, determined that he failed to show prejudice under *Strickland*" with regard to all claims. (Docket Entry No. 10 at 14.) Prejudice requires a defendant to demonstrate that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.   A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*.   An inmate must provide more than speculative statements about prejudice that are untethered from the whole evidentiary picture. *See Green v. Johnson*, 160 F.3d 1029, 1041 (5th Cir. 1998) ("[C]onclusory assertions of prejudice are insufficient to satisfy the second prong of *Strickland*.").   "[S]elf-serving conclusory statement[s] that" counsel's deficient performance prejudiced the defense "standing alone, fall[] far short of satisfying *Strickland*'s prejudice element."   *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001). An inmate must "affirmatively prove prejudice."   *Strickland*, 466 U.S. at 693.

Petitioner's federal briefing does not affirmatively prove prejudice.   In most of his claims, Petitioner offers only conclusory statements that alleged deficiencies in trial counsel's performance prejudiced the defense.   Petitioner makes no effort to allege, much less demonstrate, *Strickland* prejudice with respect to claims four and five.   Given the strength of the evidence against him,[5] and considering the nature of the allegations of deficient performance, Petitioner has not proven that the state courts were unreasonable in finding no reasonable probability of a different result.   Taken collectively, Petitioner has not made a sufficient showing of *Strickland* prejudice to warrant federal relief under AEDPA.   The Court, nonetheless, will address each individual ground for relief.

---

[5]     As the intermediate appellate court observed, "it is undisputed that [Petitioner] was the owner and operator of the tractor-trailer in which the marijuana was discovered and arguably in exclusive possession of the vehicle and its contents at the time of his arrest."   *Iglesias*, 2013 WL 209226, at *3.   Several factors indicated that Petitioner was aware that he was hauling marijuana. *Id*.

A.      **Claim One**

In his first claim, Petitioner faults trial counsel's efforts to suppress evidence seized from his tractor/trailer.  Petitioner complains that police officers used a pretext to pull him over, and thus lacked probable cause to search his vehicle.  Specifically, Petitioner claims that the police used an alleged problem with the mud flaps on his vehicle as an excuse to detain him.  Petitioner contends that, had trial counsel engaged in greater research into the law and facts, the trial court would have suppressed all evidence seized during the traffic stop.

The state habeas court, however, rejected this claim because police officers had two independent reasons for stopping Petitioner: "(1) a tip from an anonymous informant detailing that a eighteen-wheeler matching [Petitioner's] vehicle was carrying marijuana, and (2) D.P.S. Troopers witnessed a violation of the Texas Transportation mud flap law, both of which pass muster under the Fourth Amendment."  State Habeas Record at 224.  Even assuming that trial counsel had a reasonable basis on which to challenge any reliance on a traffic violation to stop Petitioner, he does not show why the information that the police received from an informant would not be a sufficient independent basis to justify the stop of his vehicle.

Beyond that, the state habeas court identified a separate fatal defect in Petitioner's pleadings: he had "not shown what a more in-depth investigation by trial counsel would have shown."  State Habeas Record at 224.  An inmate complaining that his trial attorney failed to investigate must show "(1) what additional evidence would have been available had counsel conducted a reasonable investigation; or (2) how that evidence could have affected the outcome." *Whitaker v. Quarterman*, 200 F. App'x. 351, 356 (5th Cir, 2006); *see also United States v. Green*, 882 F.2d 999, 1003 (5th Cir.1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed

and how it would have altered the outcome of the trial.").  Because Petitioner did not provide any indication of what available evidence trial counsel could have presented that would have affected the outcome of the suppression hearing, the state habeas court was not unreasonable in denying his first ground for relief.

**B.      Claim Two**

Petitioner's second claim faults counsel for not objecting to the destruction of the seized marijuana before trial.  At trial, an agent with the Texas Department of Public Safety Criminal Investigation Division testified that they offloaded from Petitioner's vehicle over 2,000 pounds of a substance suspected to be marijuana.  Tr. Vol. 8 at 19-22, 27.  An investigator for TDPS testified that testing confirmed that the substance was marijuana.  Tr. Vol. 8 at 106.  The investigator testified that "a sample of the total load is kept throughout the whole prosecution process, whereas the other part gets . . . incinerated . . . ."  Tr. Vol. 8 at 107.  The prosecution produced only a sample of the marijuana at trial.  Tr. Vol. 8 at 110.  Petitioner claims that trial counsel provided deficient performance by not requiring the State to produce the entire 2,400 pounds of seized marijuana.

Despite Petitioner's arguments, he has not shown that trial counsel missed a viable objection relating to the destruction of the seized drugs.  The state habeas court rejected this claim, observing that Texas law does not "require that controlled substance plants, such as marijuana, must be maintained up to the time of trial."  State Habeas Record at 224.  Texas statutory law allows for the summary destruction of controlled substances before trial.  *See* TEX.

HEALTH & SAFETY CODE Ann. § 481.152(d).[6]     Petitioner has not shown that trial counsel missed a viable objection.

Importantly, Petitioner has not indicated what benefit the defense would have derived from preservation of the entire shipment of marijuana, especially given the unimpeached testimony from government officials about the quality and quantity of the amount seized by the government.[7]   The state habeas court found that Petitioner's "contention is purely speculative and fails to prove that an objection to the destruction of the marijuana seized from his vehicle would have changed the outcome of his case."  State Habeas Record at 225.  Petitioner has not met the AEDPA standard regarding trial counsel's failure to object to the destruction of the seized marijuana.  *See* 28 U.S.C. § 2254(d)(1).

---

[6]     A federal constitutional violation from the destruction of evidence before trial only occurs when accompanied by both a showing of bad faith and an indication that the destruction of the evidence prejudiced the defense.  *See Arizonia v. Youngblood*, 488 U.S. 51, 58 (1988) ("Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."); *see also California v. Trombetta*, 467 U.S. 479, 489-90 (1984) (finding that a defendant's due process rights are violated only if evidence destroyed (1) possessed an exculpatory value that was apparent before it was destroyed and (2) was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means). No constitutional error occurs on the basis of destroyed marijuana when the defense has samples available and had the opportunity to cross-examine the government witnesses.  *See United States v. Galvan-Garcia*, 872 F.2d 638, 641 (5th Cir. 1989).

[7]     Preserving the entire shipment of marijuana and insisting that the state present additional evidence about the marijuana would more likely have had an adverse impact on Petitioner since it would have further emphasized to the jury the huge amount of marijuana that he was transporting in his truck.  As the Supreme Court has observed in a related context:

> Defense attorneys and their clients will often stipulate to the nature of the substance in the ordinary drug case. It is unlikely that defense counsel will insist on live testimony whose effect will be merely to highlight rather than cast doubt upon the forensic analysis. Nor will defense attorneys want to antagonize the judge or jury by wasting their time with the appearance of a witness whose testimony defense counsel does not intend to rebut in any fashion.

*Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 328 (2009).

C.      **Claim Three**

Petitioner argues in his third ground for relief that trial counsel should have challenged the qualifications of, and testimony provided by, the State's expert witness, Steven W. Whitham. Petitioner also claims that the defense should have countered the State's testimony with its own expert.   The State called Mr. Whitham, the general manager of a truck stop and a freight company, to explain various aspects of the trucking industry.   The State tendered Mr. Whitham "as an expert in matters involving trucking and associated material."   Tr. Vol. 8 at 173.   The defense accepted him "as an expert," but "as a truck driver only."   Tr. Vol. 8 at 173.   Mr. Whitham then testified to various aspects of trucking, including how the doors of a trailer are sealed after loading.   Tr. Vol. 8 at 183.   Mr. Whitham explained various ways that "seals can be circumvented."   Tr. Vol. 8 at 183-87.   Trial counsel objected to aspects of Mr. Whitham's testimony.   Petitioner, however, faults trial counsel for not challenging Mr. Whitham's qualifications as an expert, particularly "regarding the trailer and its doors."  (Docket Entry No. 1 at 14.)   Additionally, Petitioner argues that trial counsel should have hired an expert for the defense.

Petitioner has not shown that a reasonably effective attorney would have challenged the State's expert to a greater extent than done by trial counsel.   The state habeas court found that "the State's expert on truck driving met the requisite qualifications required" by the Texas evidentiary rules and that, at any event, "trial counsel lodged abundant objections against the expert and conducted cross-examination of the expert."   State Habeas Record at 226. Importantly, Petitioner has not provided any information about how his own expert would have benefited the defense.   Petitioner "has not stated what an expert on his behalf would have testified to, how the testimony would have been different from the testimony of the State's

expert, or how an expert of his own would have benefitted his case." State Habeas Record at 227. Given Petitioner's failure to identify a defect in the qualifications of the State's expert, or what a defense expert would have told jurors, the state habeas court's rejection of his third claim was not contrary to, or an unreasonable application of, federal law. 28 U.S.C. §2254(d)(1).

**D.     Claim Four**

In claim four, Petitioner claims that trial counsel should have objected to the lack of videotape evidence of the traffic stop leading to his arrest. Petitioner contends that video evidence would have established that the police used a pretext to stop him, that he did not consent to a search of the trailer, and that he was not transporting drugs. The state habeas court rejected this claim because Petitioner had not shown that the lack of videotape evidence prevented trial counsel from challenging the evidence. State Habeas Record at 227.

Trial counsel litigated a motion to suppress the seized evidence. The trial court denied the suppression motion and the state appellate court affirmed that decision. Because Petitioner has not identified how a video recording of the police stop and the seizure of the evidence would have benefited the defense, he has not shown that the state habeas court's rejection of his claim was unreasonable.

**E.     Claim Five**

In his fifth ground for relief, Petitioner complains that trial counsel did not respond zealously when the prosecutor repeatedly referred to him as a member of a drug cartel or drug trafficker during closing arguments. *See, e.g.*, Tr. Vol. 8 at 48, 49, 52, 53, 57, 58. When the prosecutor made those comments, trial counsel objected: "Your Honor, I object to this. He keeps talking about cartels. There's no evidence of any cartels, Judge. All argument long he's been talking about cartels!" Tr. Vol. 8 at 58. The trial court sustained the objection. Tr. Vol. 8 at 58.

Petitioner, however, argues that trial counsel should have requested an instruction for the jury to disregard the testimony.

The state habeas court found that "[a] prosecutor is allowed wide latitude in drawing reasonable deductions from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith."  State Habeas Record at 228.  The state habeas court found no deficient performance because "a deduction that transporting over 2,400 pounds of marijuana from the Rio Grande Valley to Pennsylvania was part of an organized business operation, rather than independent conduct on [Petitioner's] part, was certainly a logical inference from the evidence in this case."  State Habeas Record at 228-29.  Moreover, "[t]he prosecutor's comments in the instant case were not so prejudicial and incurable that this Court would have committed error in denying an instruction to disregard or a motion for mistrial."  State Habeas Record at 229.  Because the large amount of marijuana he was transporting led to the inference that Petitioner operated under the direction of a drug organization, he has not demonstrated that an instruction to disregard the prosecutor's argument would have affected the verdict.   Here again, Petitioner has not shown that the state court's conclusion that he had not met the Strickland standard was contrary to, or an unreasonable application of, federal law.  *See* 28 U.S.C. § 2254(d)(1).

## F.    Claim Six

In his sixth ground for relief, Petitioner claims that trial counsel should have requested a limiting instruction concerning evidence a confidential informant provided law enforcement officers.   Trial counsel made efforts before trial to limit testimony about the confidential information.   After the court denied trial counsel's motion to suppress testimony about a confidential informant, trial counsel moved for a limiting instruction so that the jury would not

consider any related testimony for the truth of the matter asserted.  Tr. Vol. 6 at 24-25.  In his sixth federal ground for relief, Petitioner claims that trial counsel should have requested a limiting instruction again at trial.  Also, Petitioner's sixth claim argues that trial counsel should have moved for disclosure of information about the warehouse where the marijuana was loaded onto his trailer.

The state habeas court denied this claim because "the central issue at trial was whether [Petitioner] knowingly possessed marijuana. . . .  [T]here was plenty of evidence presented by the State of the presence of over 2,000 pounds of marijuana in [Petitioner's] vehicle. None of the evidence, including the anonymous informant's tip, was direct evidence that [he] had knowledge of the marijuana."  State Habeas Record at 229-230.  With the testimony at trial about the marijuana found under his control in the tractor/trailer, the state habeas court found "[t]he vast majority of the evidence [against Petitioner] was circumstantial, and indeed, held to be legally sufficient to convict [him] on appeal."  State Habeas Record at 230.  Thus, Petitioner "cannot complain that the anonymous tip, admitted for all purposes, added great weight to the abundance of circumstantial evidence presented against him at trial. There is no a reasonable probability that, but for trial counsel's errors, the result of [his] proceeding would have been different." State Habeas Record at 230.

On federal habeas review, Petitioner has not shown that the state habeas court was unreasonable.  Petitioner has not shown that a reasonably effective attorney would have requested a limiting instruction, that the state court should have so instructed the jury, or that it would have made a difference at trial.  Also, Petitioner has not provided more than summary allegations regarding how disclosure of the location of the warehouse where the marijuana was loaded would have benefitted the defense.  Given the evidence against him, and in the context of

15

the other efforts trial counsel made to provide a zealous defense, Petitioner has not shown that the state court's rejection of his sixth claim was contrary to, or an unreasonable application of, federal law.  *See* 28 U.S.C. § 2254(d)(1).

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment (Docket No. 10) be GRANTED, that Petitioner's § 2254 habeas petition (Docket No. 1) be DENIED, and that this action be DISMISSED.  For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying

*Slack* standard to a COA determination in the context of a habeas corpus proceeding).   An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329.   As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on their merits.   For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that all of Petitioner's claims lack merit, nor are the issues presented adequate to deserve encouragement to proceed further.   Accordingly, Petitioner is not entitled to a COA.

## <u>NOTICE TO THE PARTIES</u>

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on August 19, 2016.

Peter E. Ormsby
United States Magistrate Judge